**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sergio Duran Murrieta, | No. CV-19-04865-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's motion for EAJA fees (Doc. 26) and memorandum in support thereof (Doc. 27). The motion is granted and fees are awarded in the amount of $10,170.22.

I.  Legal Standard And The Parties' Positions

"The Equal Access to Justice Act (EAJA) instructs that this court 'shall' grant attorneys['] fees to a prevailing plaintiff 'unless' the government meets its burden to demonstrate that both its litigation position and the agency decision on review were 'substantially justified.'" *Campbell v. Astrue*, 736 F.3d 867, 868 (9th Cir. 2013) (quoting 28 U.S.C. § 2412(d)(1)(a)). Here, the government has chosen not to argue that its position was substantially justified (Doc. 28 at 1 n.1), so the Court must grant attorneys' fees. *See, e.g., Robinson v. Berryhill*, 2018 WL 7140957, *2 (9th Cir. 2018) ("Pursuant to the parties' stipulation and the [EAJA], 24 U.S.C. § 2412(d), attorney's fees . . . and costs . . . are awarded."); *Wheatley v. Berryhill*, 2018 WL 6579351, *1 (9th Cir. 2018) (same).

Having determined that Plaintiff is eligible for EAJA fees, the Court must determine

whether the fee award requested is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Jean*, 496 U.S. at 161 ("[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*."). This is "now called the 'lodestar' method" of determining the reasonableness of fees. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012).

Plaintiff's counsel charged the statutory maximum rates, and the reasonableness of the hourly rates is not in dispute.[1]

The parties dispute whether the amount of time Plaintiff's counsel billed was reasonable. The reasonableness of the number of hours spent is necessarily a case-specific determination, and it is improper to generalize from other cases and impose "a de facto cap" on the number of hours compensable under the EAJA. *Costa,* 690 F.3d at 1134. The Ninth Circuit has emphasized that dubbing any social security case "routine" would be "a misnomer" because the cases "are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence," such that two cases involving the same issues might nevertheless require different amounts of work. *Id.* at 1134 n.1. Courts generally should defer to "the winning lawyer's professional judgment," and if "the amount of time requested for a particular task is too high," the Court must explain why. *Id.* at 1136.

---

[1] Attorneys' fees pursuant to the EAJA "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "Appropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ('CPI–U') for the years in which counsel's work was performed, and then dividing by the CPI–U figure for March 1996, the effective date of EAJA's $125 statutory rate." *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005). However, the Ninth Circuit has simplified this process by posting the statutory maximum rates from 2009 to the present on its website, available at https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

Plaintiff originally requested $9,650.77 in his motion for EAJA attorneys' fees, as his counsel spent 37.2 hours on his case in 2019, 8.2 hours in 2020, and 1.5 hours in 2021. (Doc. 27 at 9; Doc. 27-2 at 2-3.) Defendant opposed the amount of fees requested and asserted that the Court should "reduce Plaintiff's fee request by $4,419.21, and award a fee of $5,231.56." (Doc. 28 at 1.) Plaintiff filed a reply, in which Plaintiff asserted that "[t]he additional 2.5 hours to prepare [the] reply brief, at the current hourly rate of $207.78, when added to the original EAJA request, equals $10,170.22, which should be the current EAJA award. (Doc. 30 at 11.)

II.   Analysis

As a preliminary matter, both parties spill ink arguing over the extent to which Plaintiff's counsel, rather than Plaintiff himself, is the ultimate beneficiary of an EAJA award, as well as whether Plaintiff's counsel "has an ethical duty to petition for the maximum allowable EAJA fee." (Doc. 27 at 2 n.2; Doc. 28 at 10-12; Doc. 30 at 10.) These arguments are irrelevant to the matter at hand. Regardless of who stands to benefit and whether there is some "duty" to seek the full amount of fees incurred, Plaintiff is statutorily entitled to the full amount of fees incurred, 28 U.S.C. § 2412(d)(1)(a), with the one caveat that the fees must be reasonable, *id.* § 2412(d)(2). Thus, the only question before the Court is whether the fees incurred in this case are reasonable.

The Court will consider the reasonableness of the hours billed in this case by examining the timesheets and reviewing the appropriateness of the kinds of tasks that were billed and the amount of time spent on them. *Heggem v. Colvin*, 2016 WL 4194527, *2 (D. Ariz. 2016) ("[T]he Court 'combed through the record' as is required for all fee applications brought pursuant to the EAJA.").

Defendant argues that Plaintiff's fee request is unreasonable because (1) Plaintiff failed to affirmatively advance the reasons why the fee request is reasonable (Doc. 28 at 2-3), (2) the 4.7 hours Plaintiff's counsel spent drafting the 11-page complaint is unreasonable because a "simple" complaint, such as one a *pro se* litigant might draft using a standard form, is sufficient (*id.* at 3-6), (3) the time spent drafting and reviewing the

opening brief was unreasonable because "much of the legal research is boilerplate lifted directly from the complaint," "10.5 hours of editing a brief that took 20.5 hours to write" is excessive, and "[a]s an experienced attorney in social security matters, Mr. Caldwell would have taken less time to draft the brief on his own" (*id.* at 6-9), (4) fees for reviewing filed documents are unreasonable (*id.* at 9-10), and (5) the 0.9 hours spent on emails where the content was partially or fully redacted is not compensable (*id.* at 10).

The Court has carefully reviewed Plaintiff's attorney's itemization of services (Doc. 27-2 at 2-3) and concludes that the hours spent on this case do not include clerical work, impermissible duplication of time, or otherwise unreasonable expenditures of time. None of Defendant's arguments compel a reduction of the fee award requested.

Defendant's first argument lacks merit. Plaintiff submitted an itemization of services which lists every billable task Plaintiff's counsel undertook and how much time was spent on each activity. This itemization is adequate for the Court's consideration; Plaintiff need not preemptively guess what reasonableness challenges might be forthcoming. Indeed, the fact that the time was spent indicates that Plaintiff's counsel believed it needed to be spent. "[L]awyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "the payoff is too uncertain." *Costa*, 690 F.3d at 1136. Although it is a plaintiff's burden to demonstrate that the hours spent were reasonable, a plaintiff can do this by affirmatively submitting an itemization of services and then by defending against whatever challenges a defendant mounts in its opposition.

The Court also rejects Defendant's second argument, that the 4.7 hours Plaintiff's counsel spent reviewing the record below and drafting the 11-page complaint is unreasonable because a "simple" complaint, such as one a *pro se* litigant might draft using a standard form, is sufficient. Proceeding *pro se* is possible but far from ideal. The purpose of hiring competent counsel is the benefit a plaintiff receives in the quality of representation. Defendant claims "[t]here is no reasonable justification" for drafting a detailed complaint and that Plaintiff's counsel "did not gain any downstream efficiencies"

by doing so (Doc. 28 at 4-5), but these arguments fall flat. First, a portion of the 4.7 hours was spent reviewing the ALJ decision and portions of the 1,908-page file (Doc. 27-2 at 2), and the Court considers it a given that a competent lawyer would review the case before drafting and filing a complaint. As Plaintiff points out, failure to do so is sanctionable. (Doc. 30 at 5.) Second, Defendant is simply not in a position to know whether the time Plaintiff's counsel spent up front resulted in "downstream efficiencies" or otherwise more effective representation. Plaintiff asserts this is the case (Doc. 30 at 7) and the Court agrees that thorough preparation at the inception of a case is an earmark of capable representation. Moreover, the Court agrees with Judge Bowman's assessment, where Defendant mounted a similar challenge in a case Plaintiff's counsel litigated:

> It is apparently counsel's practice to spend time early in the case examining the record and identifying issues. This practice requires spending relatively more time preparing the complaint than is the general practice, but time spent at the complaint stage is time that will serve counsel well when the merits briefs are eventually prepared. . . . Counsel's approach is unorthodox, but his total EAJA request is not significantly larger than those submitted by other practitioners in this area. Accordingly, the court cannot conclude that his approach is either inefficient or redundant.

*Garcia v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4673335, *2 (D. Ariz. 2019). Third, the Social Security Act provides that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security." 42 U.S.C. § 405(g). The existence of this provision demonstrates that a detailed complaint has utility. A relatively small amount of time spent "in the hope of such an outcome is not unreasonable." *Maske v. Comm'r of Soc. Sec. Admin.*, 2020 WL 6562343, *6 (D. Ariz. 2020).

As for Defendant's third argument, although reducing the amount of an award is appropriate where excessive time is recorded for briefing that merely regurgitates previous briefing or consists entirely of boilerplate material, *see, e.g.*, *Barker v. Comm'r of Soc. Sec. Admin.*, 2019 WL 6893013, *2 (D. Ariz. 2019), such is not the case here. The opening brief is 27 pages long; it does not merely regurgitate the complaint. "[T]he Court will not

second-guess the amount of time Plaintiff's counsel spent on briefing the winning arguments in this case." *Barker*, 2019 WL 6893013 at *4. "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno*, 534 F.3d at 1112. Furthermore, the Court finds no fault with the fact that two attorneys collaborated on this case and recognizes that legal collaboration often requires multiple attorneys to review the same documents in order to contribute meaningfully to the drafting and editing process. *Cf. Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008) (when associates work on a case, the partner who supervises them must review the documents); *Costa*, 690 F.3d at 1136 ("[S]ometimes 'the vicissitudes of the litigation process' will require lawyers to duplicate tasks."). Even assuming that one attorney could have "taken less time to draft the brief on his own" (Doc. 28 at 8), efficiency is not the only goal of advocacy. Plaintiffs' counsel—as a *team*—won the case. The Court agrees with Plaintiff's assertion that "[i]f more than one attorney from some big-shot downtown law firm worked on a case, no one would blink an eye" (Doc. 30 at 7), and the Court declines to "blink an eye" here.

Defendant's fourth argument presents a closer call. In theory, documents should be finalized before they are filed, and Plaintiff's counsel asserts that his legal team implements a comprehensive review process prior to filing. (Doc. 30 at 8.) At a certain point, carefulness can be excessive; contrary to Plaintiff's counsel's insinuation (Doc. 30 at 2 n.3), overkill is not a virtue. Plaintiff's counsel is expected to exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Costa,* 690 F.3d at 1135. Nevertheless, the aggregate amount of time billed for drafting and review does not appear excessive,[2] and the Court recognizes that one last quick review of the draft after filing may still be deemed reasonable, with the understanding that if something crucial were missed, leave to supplement could be sought. The Court

---

[2] As Plaintiff notes, "[w]hile of course each case must be judged on its particular merits, the present fee petition compares favorably with other EAJA fee awards to Plaintiff's counsel for services performed before this Court." (Doc. 27 at 8 [listing cases].)

- 6 -

therefore concludes that the 1.2 hours spent reviewing pleadings and briefs after they were filed—0.2 hours for the complaint, 0.5 hours for the opening brief, and 0.5 hours for the reply brief—are not overkill and can be properly included in a reasonable fee award.

As for Defendant's fifth argument, Plaintiff's counsel "is not required to record in great detail how each minute of his time was expended, but rather can meet his burden—although just barely—by simply listing his hours and identifying the general subject matter of his time expenditures." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000). Here, the descriptions for the 6/6/19 email (0.1), 8/23/19 email (0.1), 10/10/19 email (0.1), and 2/4/20 email (0.1) are completely redacted. This Court has previously stated that time entries for emails or other communications, with no indication whatsoever as to the content of the communication in the itemization of services, are impermissibly vague. *Andreason v. Comm'r of Soc. Sec. Admin.*, 2020 WL 5544367, *3 (D. Ariz. 2020); *Maske*, 2020 WL 6562343 at *7. However, in both of those cases, the Court declined to reduce the award by a trifling amount (0.1 in *Andreason* and 0.4 in *Maske*) because it appeared, based on the itemizations of services as a whole, "that counsel's time was used efficiently," and the Court felt "comfortable concluding that the . . . emails in question were more likely legitimate time expenditures than a scheme to drive up the fees request." *Maske*, 2020 WL 6562343 at *7. Furthermore, although the Court previously admonished Plaintiff's counsel to be more specific in the future, *id.*, upon further reflection and review of Ninth Circuit law, the Court is persuaded that Plaintiff's approach is permissible. Plaintiff boldly stated: "If it is believed that a requirement exists that I disclose the nature of communications with my colleagues . . . to be eligible for EAJA fees for that time, then I will be forced to forego compensation for time devoted to those services, because I refuse to do so." (Doc. 30 at 10.) And indeed, it appears that no such requirement exists in the Ninth Circuit. *Democratic Party of Washington State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004) ("As for the redactions, they are of this sort: 'Counsel call to discuss [REDACTED]' and 'Research Supreme Court case law involving [REDACTED].' If the Democratic Party were not furnishing enough information for a court to form a judgment on whether its fees

were legitimate, then a court might be obligated to deny them. But these redactions do not impair the ability of the court to judge whether the work was an appropriate basis for fees. The Democratic Party, like any other litigant, is entitled for good reason to considerable secrecy about what went on between client and counsel, and among counsel."). While the Court can imagine a scenario in which excessive redaction might impair the Court's ability to determine whether the fee request is entirely reasonable, *see, e.g.*, *Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 670 (9th Cir. 2018), such is not the case here.

Having prevailed entirely in the fees motion, Plaintiff is also entitled to the fees incurred in litigating it. *Jean*, 496 U.S. at 163 n.10.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for EAJA fees (Doc. 26) is **granted** and Plaintiff is awarded $10,170.22 in attorneys' fees.

**IT IS FURTHER ORDERED** that, pursuant to the parties' stipulation, if the government determines that Plaintiff does not owe a debt subject to offset under the Treasury Offset Program, 31 U.SC. § 3716(c), and the government agrees to waive the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727, the government shall pay the EAJA award to Plaintiff's counsel. If there is a debt owed under the Treasury Offset Program, the remaining EAJA award after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's counsel.

Dated this 31st day of March, 2021.

Dominic W. Lanza
United States District Judge